# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBIN SNIPES PERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:10CR32-1 |
| | ) | 1:13CV433 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 68) (hereinafter "Section 2255 Motion").[1] For the reasons that follow, the Court should deny Petitioner's Section 2255 Motion.

### INTRODUCTION

This Court (per now-Chief United States District Judge William L. Osteen, Jr.) previously entered a Judgment against Petitioner imposing, inter alia, a prison term of 36 months, following a jury verdict of guilt on four counts of mail fraud in violation of 18 U.S.C. § 1341. (Docket Entry 37; see also Docket Entry 1 (Indictment); Docket Entry 22 (Jury Verdict); Docket Entries dated July 26-29, 2010 (documenting trial); Docket Entries dated Feb. 3 & Mar. 29, 2011 (documenting sentencing); Docket Entries 52-54

---

[1] Parenthetical citations refer to Petitioner's criminal case.

(Trial Tr.); Docket Entries 55, 59 (Sent'g Tr.).)  The United States Court of Appeals for the Fourth Circuit affirmed. United States v. Perry, 478 F. App'x 1 (4th Cir. 2012).  Petitioner thereafter timely filed her Section 2255 Motion (Docket Entry 68), the United States responded (Docket Entry 73), and (despite notice of her right to reply (see Docket Entry 74)) Petitioner did not file a reply (see Docket Entries dated Oct. 24, 2013, to present).[2]

## DISCUSSION

Petitioner's Section 2255 Motion asserts these six claims:

1) "Failure [by Petitioner's Counsel] to Conduct Prompt, Appropriate and Adequate Investigation of Facts and Witnesses Relevant to [Her] Defense" (Docket Entry 68, ¶ 12(Ground One));

2) "Failure [by Petitioner's Counsel] to Negotiate a Fair/ Reasonable Plea Agreement" (id., ¶ 12(Ground Two));

3) "Attempt [by Petitioner's Counsel] to Coerce [Her] to Sign Documents which Protected the Best Interests of Counsels Rather than the Best Interest of [Petitioner]" (id., ¶ 12(Ground Three));

---

[2] Petitioner has completed her prison sentence (see Docket Entry 75 at 1 (noting that her three-year supervised release term commenced January 21, 2014)), but that fact does not moot her Section 2255 Motion (which she filed while still imprisoned (see Docket Entry 68 at 1 (identifying "Place of Confinement" as "Alderson Federal Prison Camp")), see United States v. Bryson, 981 F.2d 720, 726 (4th Cir. 1992), particularly given that (as a preceding citation shows) she remains on supervised release (and thus subject to collateral consequences from her conviction(s), as well as arguably "in custody" for purposes of Section 2255, see United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997)).

2

4) "Failure [by Petitioner's Counsel] to Communicate to [the Court Petitioner's] Request to Dismiss [Her Counsel] and Retain Other Trial Counsel" (id., ¶ 12(Ground Four));

5) "Failure [by Petitioner's Counsel] to File Post Trial Motions" (id., ¶ 12(Ground Five)); and

6) "Failure [by Petitioner's Counsel] to Provide Substantial Assistance with regard to Sentencing" (id., ¶ 12(Ground Six)).

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for h[er] defence." U.S. Const. amend. VI. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To make out an ineffective assistance claim, Petitioner must show that her counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687–94 (1984). "Surmounting Strickland's high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted); see also Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel [i]s not constitutionally ineffective in failing to [take action if] . . . it would have been futile for counsel to have done so . . . .").

3

## Ground One – Pre-trial Preparation

As to Ground One, Petitioner has offered only conclusory assertions that her counsel

> failed to: (1) explore all avenues leading to facts relevant to guilt and degree of guilt or penalty[;] (2) interview and/or subpoena witnesses and documents whose information and testimony could have been essential to elucidating the facts, circumstances, and events of the case[;] (3) interview the government's listed witnesses . . . [and] investigate [the] prosecution's witnesses . . . [;] (4) adequately prepare for trial[; and] (5) properly inform [Petitioner] of the impact of past criminal history.

(Docket Entry 68, ¶ 12(Ground One)(a).) Similarly, Petitioner has provided no evidentiary support for her bald statement that, "[d]ue to [her counsel's] lack of sufficient investigation, [her] counsel rendered dificient [sic] performance and jeopardized [her] defense." (Id.) "Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief." Whitley v. United States, Nos. 1:03CR445, 1:12CV67, 2014 WL 4443295, at *6 n.1 (M.D.N.C. Sept. 9, 2014) (unpublished) (recommendation of Webster, M.J., adopted by Beaty, S.J.) (citing Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)), appeal dismissed, No. 14-7424, 2015 WL 1543893 (4th Cir. Apr. 8, 2015) (unpublished); see also Cano v. United States, Nos. 1:05CR354-4, 1:09CV321, 2009 WL 3526564, at *3 (M.D.N.C. Oct. 22, 2009) (unpublished) (Dietrich, M.J.) ("Petitioner has provided only

4

conclusory allegations which meet neither the error nor the prejudice prong of the Strickland analysis."), recommendation adopted, slip op. (M.D.N.C. Dec. 29, 2009) (Beaty, C.J.).[3] Further, the United States has produced uncontested evidence that Petitioner's counsel carried out a proper pre-trial investigation. (See Docket Entry 73 at 6 (citing attached Exs. B & C).)

Accordingly, the Court should deny relief on Ground One.

### Ground Two – Plea Bargaining

Ground Two of Petitioner's Section 2255 Motion alleges that her counsel provided ineffective assistance by recommending that she accept a plea agreement offered to her on or about July 23, 2010 (i.e., the eve of trial), despite the fact that it omitted a promise by the United States to recommend the third offense level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b), when a June 2010 plea offer had included such language. (See Docket Entry 68, ¶ 12(Ground Two)(a).) This claim falls short for at least two reasons well-explained by the United States:

---

[3] Petitioner's references to investigation of "degree of guilt or penalty" and to information about "the impact of past criminal history" (Docket Entry 68, ¶ 12(Ground One)(a)) are vague as well as conclusory and also fail as a matter of law on that basis. See Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, C.J.); see also United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks omitted)).

5

> [Petitioner] suffered no harm from her attorneys'
> presentation of the July 23, [2010] plea agreement for
> the simple reason that she did not plead guilty and did
> not intend to plead guilty.
>
> Further, [Petitioner] ignores the fact that on July 23,
> 2010 the United States was not obligated to offer her the
> recommendation for an additional third point for
> acceptance. Section 3E1.1(b) of the Sentencing
> Guidelines provides that the government may move the
> court for the additional third point reduction for timely
> notifying authorities of her intention to enter a plea of
> guilty therefore permitting the government to avoid
> preparing for trial. Obviously, on the Friday before
> trial, the United States had not been able to avoid trial
> preparation and was therefore not in a position to
> recommend the further reduction under Section 3E1.1(b).
> . . . The exclusion of this recommendation on the brink
> of trial was not the fault of her attorneys, but the
> result of her rejection of the plea in June.

(Docket Entry 73 at 8-9 (internal ellipses and quotation marks omitted); see also id. at 9 (citing uncontested evidence that Petitioner's counsel "strove mightily to negotiate a plea that was acceptable to [her] . . . even press[ing] her case for a deferred prosecution over the head of [the assigned Assistant United States Attorney] to the Criminal Chief"); id., Ex. B (attaching e-mail correspondence dated Saturday, July 24, 2010, in which Petitioner, in response to the recommendation from her counsel that she plead guilty, stated: "Let me be clear. I did not pay you 20K to plea a case."); Docket Entry 68, ¶ 12(Ground Two)(a) (failing to allege that Petitioner ever would have accepted a plea agreement that promised a third-point recommendation under U.S.S.G. § 3E1.1(b)).)

Under such circumstances, Ground Two fails as a matter of law.

### Ground Three – Request to Sign "Non-Court-Related Document"

In Ground Three of her Section 2255 Motion, Petitioner has asserted a claim based on her counsel's request that she sign a document confirming that she had refused to accept the plea agreement offered to her on the eve of trial despite her counsel's contrary recommendation. (Docket Entry 68, ¶ 12(Ground Three)(a).) To the extent Petitioner purports to pursue an ineffective assistance (or any other) claim based on this incident, said claim lacks merit because her Section 2255 Motion establishes that she suffered no resulting prejudice as she has conceded that she did not sign the document. (See id.)

### Ground Four – Desire to Obtain New Counsel

Ground Four concerns Petitioner's claim that her counsel should have given her an opportunity on the morning of trial to tell the Court that she wished to seek new representation (a course of action that inevitably would have required a continuance of the trial), because her counsel had asked her to sign a document memorializing the fact that she had chosen to proceed to trial against their recommendation. (See id., ¶ 12(Ground Four)(a).) This claim fails as a matter of law because Petitioner has not alleged, much less offered any factual basis to show, that her counsel ever prevented her from informing the Court of her desire in that regard. The fact that Petitioner's counsel may have advised her that the Court would not grant such a request does not

7

tend to establish that said counsel blocked her from communicating with the Court. Moreover, the undersigned Magistrate Judge knows of no authority supporting the view that an attorney's effort to document a defendant's decision to ignore legal advice constitutes a basis for obtaining a delay of a trial on the morning of trial to allow the defendant to seek new counsel. As a result, whether construed as an ineffective assistance of counsel claim or otherwise, Ground Four affords Petitioner no basis for relief.

### Ground Five – Post-Trial Motions

The entirety of Petitioner's basis for her claim in Ground Five appears as follows: "Counsels did not file post-trial motions (to [Petitioner's] knowledge). It would have been better to file a motion and have it denied than to do nothing and allow the opportunity to pass without ever knowing what the Judge's decision would have been." (Id., ¶ 12(Ground Five)(a).) Because Petitioner has not identified what post-trial motion(s) her counsel allegedly should have filed, much less shown that any such motion(s) had any merit, she has failed to raise even a colorable claim under Strickland because she has provided no basis for the Court to conclude that her counsel acted in a professionally unreasonable fashion or that she suffered any prejudice. Further, the United States has produced uncontested evidence that Petitioner's counsel responsibly evaluated the prospects for post-trial motions and

8

reasonably determined that no basis existed. (See Docket Entry 73, Exs. B & C.) The Court thus should reject Ground Five.

## Ground Six – Sentencing

Ground Six rests upon Petitioner's conclusory assertion that her counsel "gave [her] little to no guidance and/or support prior to and during sentencing periods. They basically were expressing their true feelings about [Petitioner] having made the decision to proceed to trial rather than accepting a plea deal." (Docket Entry 68, ¶ 12(Ground Six)(a).) As support for that claim, Petitioner has cited only one concrete example: "Counsels did not even sit with or talk with [Petitioner] before sentencing proceedings began on March 29, 2010. [Petitioner] was basically left to herself until such time as Judge Osteen entered the courtroom." (Id.) Petitioner has not shown what prejudice she suffered because her counsel failed to sit next to her or to talk to her in the courtroom before court began on the day of her final sentencing hearing. (See id.) Moreover, the record indisputably establishes that Petitioner's counsel zealously advocated for Petitioner at sentencing, including by successfully challenging her advisory Sentencing Guidelines range. (See Docket Entries 28, 55, 59.)

In sum, Ground Six lacks merit.

## CONCLUSION

Petitioner has established no entitlement to relief.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 68) be denied without a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 30, 2015